# Robert A. Florio
Attorney at Law
1500 Story Ave
Louisville, KY 40206

Phone 502-587-0228
Fax 502-587-1433
robertfloriolaw@outlook.com

Of Counsel: Michael P. Sullivan

## FAX COVER SHEET

This facsimile or e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

TO: Michelle Turner       426 5119

FR: Robert Florio

DATE: _____

MESSAGE: _____

Exhibit D

AOC-105 Doc. Code: CI
Rev. 1-07
Page 1 of 1
Commonwealth of Kentucky
Court of Justice www.courts.ky.gov
CR 4.02; CR Official Form 1

CIVIL SUMMONS

Court: ☑ Circuit ☐ District
County: Jefferson

Case No. 18CI06333

FILED IN CLERK'S OFFICE
DAVID L. NICHOLSON, CLERK
OCT 31 2018
BY _____ DEPUTY CLERK

PLAINTIFF
SHERRI COLLINS

VS.

DEFENDANT
UNUM, THE BENEFITS CENTER
PO BOX 100158
COLUMBIA SC 29202-3158

Service of Process Agent for Defendant:
SECRETARY OF STATE

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____, 2_____         _____ Clerk
                                     By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

---

Exhibit D

| | | |
|---|---|---|
| AOC-105 Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. _____<br>Court [✓] Circuit [ ] District<br>County  Jefferson |

**PLAINTIFF**

SHERRI COLLINS
_____
_____
_____

VS.

**DEFENDANT**

UNUM, THE BENEFITS CENTER
PO BOX 100158
COLUMBIA SC 29202-3158
_____

**Service of Process Agent for Defendant:**
SECRETARY OF STATE
_____
_____

---

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____, 2____      _____ Clerk
                                  By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:
_____

this _____ day of _____, 2_____.

Served by: _____
_____Title

---

Exhibit D

NO. _____  JEFFERSON CIRCUIT COURT
DIVISION _____

**18CI06333**
FILED IN CLERK'S OFFICE
DAVID L. NICHOLSON, CLERK
OCT 31 2018
BY _____ DEPUTY CLERK

SHERRI COLLINS ) PLAINTIFF
)
)
)
v. )
)
**COMPLAINT**
)
)
UNUM )
THE BENEFITS CENTER ) DEFENDANT
PO BOX 100158 )
COLUMBIA, SC 29202-3158 )
)
)
SERVE: )
SECRETARY OF STATE )
700 CAPITOL AVE )
SUITE 152 )
STATE CAPITOL )
FRANKFORT KY 40601 )
)

*** *** ***

Comes the Plaintiff, SHERRI COLLINS, by counsel, and for her cause of action against Defendant states as follows:

**PARTIES AND VENUE**

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.

2. Defendant, Unum Life Insurance Company (hereinafter "carrier" or "Defendant" or "Unum") is a corporation doing business in the Commonwealth of Kentucky.

3. This is an action brought by a participant to recover long term disability benefits ("LTD" respectively) due to her under the terms of an insurance plan governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance benefits.

3. This Court has jurisdiction pursuant to §502(e) of the Employment Retirement Income Security

Exhibit D

Act of 1974 (ERISA), 29 U.S.C. §1132(e).

## FACTS

4. Plaintiff was a full-time employee of a qualified employer, Emerson Electronics ("employer") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract Claim # 14480328, Policy #225666.

5. As a full time employee, Plaintiff was eligible for, and was participating in the short and long-term disability plan (hereinafter referred "STD", "LTD", "plan") offered by employer. The employer is the administrator of the STD plan and Defendant Unum is administrator of LTD plan. The employer is before the U.S. District Court in a separate action as the employer and UNUM utilize different standards in accessing Plaintiff's claim.

6. At all times relevant to this Complaint, the LTD Plan was administered by Unum and at all relevant times Unum remained the so called "plan administrator".

7. Plaintiff applied for and was denied LTD benefits.. Unum found that based on its review Plaintiff's medical condition did no support a condition that would have precluded full time work. However, Plaintiff's own physicians believe it is apparent that Plaintiff is permanently and totally disabled.

8. Plaintiff submitted additional medical documentation in order to bolster her disability case.

9. Unum's in house medical review personnel performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform her own occupation. This was well stated to defendant in the Administrative review. Thusly, Defendant Unum fails to offer a rational basis as to why it does not concur with opinions regarding restrictions and limitations consistent with Plaintiff's treating physicians

10. Defendant specifically ignored the opinion of Plaintiff's treating physicians who opine the Plaintiff could not even perform sedentary work.

11. Unum refused to consider all of the Plaintiff's medical ailments, and combined effect on her body as a whole to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

12. Unum's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

13. Any physician who has personally treated the Plaintiff has never questioned the permanency and

Exhibit D

totality of Plaintiff's inability to perform her own occupation.

14. Defendant Unum's conclusions that Plaintiff is not totally disabled under tis plan was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

15. At all relevant times Unum was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of STD and LTD wage replacement benefits. Accordingly, the Plaintiff is entitled to discovery over and above that which is customarily permitted in cases litigated under the ERISA statute.

16. In accordance with the terms of the plan, the Plaintiff did apply for, Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").

17. Defendant cannot ignore the finding of SSA without adequate explanation in its decision even though the decision is outside the formation of the administrative record. Whitaker v. Hartford Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).

18. Due to Defendant's actions Plaintiff is entitled to discovery exceeding standard ERISA protocol.

## COUNT 1
### DENIAL IS IN VIOLATION OF ERISA STATUTE

19. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

20. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the ERISA statute.

21. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays for the following:

1. For payment of disability benefits due to her, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;

2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;

3. For attorney's fees and expenses that Plaintiff has incurred for enforcing her contractual rights as well as her ERISA rights;

Exhibit D

4. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history;

5. For her costs expended herein;

6. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Counsel for Plaintiff
502-587-0228

Exhibit D



KENTUCKY COURT OF JUSTICE

Receipt Number: 09-022443-A
DATE: 11/01/2018
TIME: 08:44 AM
*** (01) CIRCUIT CIVIL FILING WITH ATTORNEY TAX FEES ***
CASE NO: 18-CI-00633
RECEIVED FROM: R.A. FLORO
ACCOUNT OF: COLLINS VS BNYM

PARTY NAME: SHERRI COLLINS

1. Civil Filing Fee (Q)            150.00
2. AIJ Fee (H)                      20.00
3. Court Technology MCFO(K)(CT)     20.00
4. Library Fee (L)                   3.00
5. Attorney Tax Fee MCFO(KK)(Q)      5.00

TOTAL:                            $198.00

CHECK:                            $198.00

***DIFF:                            0.00

*** Check Number: 3859
*** Credit Card Invoice #:

Balance Due:

Prepared By: L. Allen
* MCFO=Money Collected for Others
** On Charge for Services
Payer

Page 1 of 1

Exhibit D

# JEFFERSON County
# Random Judge Assignment Report

**Court:** Circuit Court

**Requestor:** TERRI_ALLEN    **Reference/Case Number:** 18-ci-006333

**This Case has been Assigned to:** 5 **Division**

Judge Mary Shaw    630277

**Control Date/Time:** 11/01/2018   8:42:46AM

*[signature: Mitchell Turner]*

502 587-0318

**Date Printed:** 11/01/2018    **Time Printed:** 8:42:46AM    **Page:** 1

Exhibit D